Mr. Justice ThacheR
delivered the opinion of the court.
Appeal from Marion county circuit court.
The plaintiff sued the defendant before a justice of the peace of the proper county, and recovered a judgment, whereupon the defendant appealed to the circuit court. In this court the plaintiff filed his declaration upon the note which constituted the foundation of the action, to which declaration the defendant filed a plea, which, upon demurrer, was held to be bad, and respondeat ouster awarded. Un,der this leave to plead over, the defendant again plead, and to his second plea the plaintiff demurred, and this demurrer was overruled. The second plea is designed as a plea of bankruptcy and discharge under the general bankrupt law. The plea set forth that after the making of the several supposed promises and undertakings in the declaration, the said defendant became a bankrupt within the meaning of the statute of bankruptcy, but sets out no discharge under said law. The plea was certainly insufficient and bad in not setting out a discharge under the bankrupt law, and should have been so held under the demurrer'. Upon a *307 judgment, sustaining the demurrer, the plaintiff would have been entitled to a judgment as for want of a plea. Harrison et al. v. Balfour, 5 S. & M. 301.
It is true, that the proceedings in causes brought from justices of the peace to the circuit court are de novo, and can be conducted without any pleadings whatever; but if the parties undertake to conduct and carry on the cause by the means of pleadings in writing, they will be held to the rules of pleading.
Judgment reversed, the demurrer to the second plea in the action directed to be sustained, and a judgment for the plaintiff in error quod recuperet, also directed to be entered in this court, the same being the judgment which the court below should have given.